**In the**
**UNITED STATES DISTRICT COURT**
**for the SOUTHERN DISTRICT OF INDIANA,**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CHESTER DARRELL DECK and BETTY JUNE DECK**, | ) | |
| Appellants / Debtors Below, | ) | |
| *vs.* | ) | **CAUSE NO. 1:07-CV-00065-SEB-JPG** |
| **CHASE HOME FINANCE, LLC**, | ) | |
| Appellee. | ) | |

**ENTRY**
**Appellee's Motion for Appellate Attorney Fees (doc. no. 34)**

This Cause is an appeal by Chester and June Deck ("Appellants") from an Order by the judge in their Chapter 13 bankruptcy case that denied their motion to avoid a mortgage lien on their principal residence held by Chase Home Finance, LLC ("Appellee"). Appellee contends that the appeal was frivolous and moves to recover its attorney fees and costs in the amount of $5,270.34. For the reasons explained below, the motion is granted.

There is a preliminary procedural matter to note. After Appellee filed its motion for fees,[1] Appellants moved for, and the Bankruptcy Court granted, a voluntarily dismissal of their underlying bankruptcy case. This Court also granted Appellants' motion to dismiss this appeal but it specifically retained jurisdiction to determine Appellee's motion for fees. Thus, we need not rule on the substance of the appellate arguments or the grounds for the Bankruptcy Court's

[1] Appellee's present motion for fees supplemented and superseded an earlier motion. Both motions are virtually identical except for the higher fees requested in the second one, reflecting additional work.

Order except as they are relevant to resolving the present motion for fees.

On August 28, 2006, Appellants filed their "Motion to Avoid Wholly Unsecured Mortgage" in their bankruptcy case. *In re Deck*, Case no. 02-22285-AJM-13 (doc. no. 79) (Bankr. S. D. Ind.). The motion recited that the original mortgagee on their principal residence assigned their mortgage to Bank One NA who subsequently assigned its rights in the underlying note, but apparently not the mortgage, to Appellee and that the county recorder still showed the mortgage in the name of Bank One NA. The evidence shows that Appellants obtained their mortgage loan from Century Financial Group, Inc. in 1999; Century Financial assigned its interests to Bank One NA in 2000; and then JPMorgan Chase & Co., the parent of Appellee (collectively "Chase"), purchased Bank One Corp., the parent of Bank One NA. Appellants argued to the Bankruptcy Court that, because the county record still showed only Bank One NA as the mortgage lien holder, yet it no longer had any interest in the mortgage, the mortgage was therefore void, was wholly unsecured, and should be ordered released.[2]

After receiving evidence and argument at the hearing, which was focussed on the relationship between Chase and Bank One, the Bankruptcy Judge ruled that (1) Chase was the successor of Bank One NA; (2) Chase now held the mortgage on Appellants' residence; (3) while less than the amount of the mortgage, there was value in the property ; (4) therefore, Chase's mortgage was a secured mortgage; and (5) therefore, Appellants' motion was denied. Appellants then filed the present appeal.

[2] Appellants were apparently motivated to avoid the mortgage because it secured their note in the amount of $130,000 but their residence recently appraised for only $68,000.

Appellants' brief supporting their appeal was entitled "Brief in Support of Their Motion to Bifurcate Mortgage Through Their Chapter 13 Despite the Anti-modification Provisions of 11 U.S.C.A. § 1322(b)(2)," (doc. no. 18) ("Brief"), wherein their sole argument related to avoiding the effect of § 1322 which provides that a bankruptcy plan may modify the rights of all holders of secured claims "other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." Appellants' argument was that, because part of their principal residence had been divided into a separate rental unit at the time, this Court should order the mortgage bifurcated, or apportioned, between their residential portion and the rental portion and order the rental portion of the mortgage to be subject to modification pursuant to their bankruptcy plan. Appellants did mention in their brief the original issue that they had raised before the Bankruptcy Court, but only to state that they were not pursuing it in this appeal[3] and to even admit that it was no longer an issue in their bankruptcy case.[4]

The day after Appellants' brief was allowed to be filed,[5] Appellee filed its first motion for

---

[3] "The only issue the [Appellants] are arguing strenuously in this appeal is whether the 'anti-modification' provision of 11 U.S.C.A. § 1322(b)(2) bars them from avoiding, at least in part, a mortgage on their real estate . . . ." (Brief, p. 1). "Another issue which is in the background (but is not argued strenuously) was the cause for the initial filing of the Motion to Avoid Lien which is the subject of this appeal. [Appellee] did not appear to be a mortgage holder or assignee of a mortgage holder in the records of the Hancock County recorder . . . ." (*Id.*, p. [2]). Lest there be any slim hope hung on the qualifier "strenuously", Appellants' brief is devoid of legal or factual development on the issue before the Bankruptcy Court and undeveloped arguments are waived.

[4] "This issue of merger dropped out of the case following the hearing with its documentation of merger record and with the filing of an Amended Notice of Appeal." (Brief, p. [5]). The relationship between Appellants' Amended Notice of Appeal and the disappearance of the merger issue is obscure.

[5] Because Appellants missed the deadline for filing their brief by twenty-six days, they attached it as an appendix to a motion for leave to file it late. The next day, Appellee opposed

fees arguing that the appeal was frivolous because Appellants' only appellate issue was not raised before the Bankruptcy Court, was beyond the scope of their notice of appeal, and was unsupported by any authority. Appellee then filed a motion to strike the brief on these grounds and because it violated various formal requirements. On March 19, 2007, Appellee filed its opposition brief. On April 4, 2007, Appellants filed a motion asking for a remand to the Bankrtupcy Court for additional fact-finding or, in the alternative, for a dismissal. Finally, six days later, Appellants filed their unequivocal motion to dismiss their appeal. This was followed ten days later with Appellee's pending supplemented superseding motion for attorney fees.

Rule 8020 of the Federal Rules of Bankruptcy Procedure provide:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankrupty judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

While the Court also retains its usual authorities for sanctioning parties (*e.g.*, Fed. R. Civ. P. 11 and its inherent power), Fed. R. Bank. Proc. 8020 is specifically targeted at bankrutpcy appeals and allows for a broader award including damages beyond attorney fees and double costs. *See In re Kujawa*, 270 F.3d 578, 583 (8th Cir. 2001). The standard for imposing sanctions under Rule 8020 is virtually the same as under Fed. R. App. Proc. 38. *Pettey v. Belanger* ex rel. *Belanger*, 232 B.R. 543, 548 (D.Mass. 1999). "Determining whether sanctions should be issued under this rule is a two-step process: we must first determine that the appeal is frivolous, and then determine that this is an appropriate case for the imposition of sanctions." *Williams v. U. S.*

---

the motion on the ground of lateness. Eight days later, the Court granted leave to file the brief and Appellee filed its motion for fees for the frivolous filing the following day.

*Postal Service*, 873 F.2d 1069, 1075 (7th Cir. 1989). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit. " *Id.* (internal quotation marks omitted). An appeal is frivolous also when meritorious grounds for appeal exist but the appeal is argued in a frivolous manner. *Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 124-25 (Fed. Cir. 1994). It is appropriate to impose sanctions on a party's attorney as well as, or instead of, the party itself. *See id.* at 125 ("Finally, it is well settled that a client is bound by the acts or omissions of his or her lawyer. However, '[f]rivolity in argument is no doubt attributable at least as much to tactical decisions made by an attorney in writing briefs as to the overall appellate strategy to which the client may specifically consent.' Thus, '[w]here the frivolity in an appeal lies not in the filing of the appeal, but in the type of argument employed in support of it, it is appropriate to hold not only the appellant but also its attorney responsible for this conduct.'" (citations omitted)).

Appellee argues that Appellants impermissibly changed their argument in this appeal from the one they presented to the Bankruptcy Court.[6] Because it is clear that unraised arguments are waived on appeal, Appellee contends that Appellants' appeal was frivolous. Arguments first raised on appeal are waived. *Moriarty v. Svec*, 164 F.3d 323, 328 n. 5 (7th Cir. 1998); *United States for and on Behalf of Small Business Admin. v. Torres*, 142 F.3d 962, 968-69 (7th Cir. 1998) ("'[I]ssues not raised in the district court are deemed waived' on appeal, so long as the opposing party argues that a waiver of that issue occurred.").

---

[6] Appellee raised other grounds for sanctions, including the formal deficiencies in Appellants' brief, which, because of our resolution of this motion on the ground of frivolousness, are unnecessary to address.

Appellants mount two defenses against sanctions. First, they argue that the *issue* before the Bankruptcy Court and this Court was the same: avoidance of their mortgage. They only argued two different *grounds* for that avoidance: below they argued for complete avoidance because Appellee's mortgage interest did not exist due to failure to record its interest following the bank merger and, in this Court, they argued for partial avoidance of a valid mortgage because the divided rental unit created an exception to the anti-modification statute. Second, they contend that their argument for bifurcation was, in fact, "referred to" at the Bankruptcy-Court level as evidenced by the following exchange during the Bankruptcy-Court hearing:

> MR. WILLIAMS [Appellants' attorney]: Well, we've asked you to reform that lien, the mortgage, to allow the lien only to be for the amount of the actual value of the —
>
> THE COURT: On a cram-down on the first mortgage?
>
> MR. WILLIAMS: I know, you know, I know that — I know what 1522 says.
>
> THE COURT: Okay
>
> MR. WILLIAMS: But where there is such a disproportionate amount, we're — we're not — I — I — cannot just dismiss the fact that the amount of the mortgage is so little, or the amount of the property, the value of the property, is only half the mortgage.
>
> THE COURT: Yes.

(Response to Motion for Appellate Attorney Fees *etc.* (doc. no. 35), pp. [4-5]).

Both of these arguments are frivolous in themselves. Appellants define the "issue" before the Bankruptcy Court and this Court far too broadly. The issue on appeal must include the grounds and arguments supporting the relief sought in order to permit the Bankruptcy Court the first opportunity to address the matter. Appellants might have sought similar relief in both

fora[7] but for two vastly different reasons. The Bankruptcy Court had before it, and thus could address, only the validity of the mortgage based on the alleged failure to record Appellee's interest in the county recorder's office and the existence of the merger between Chase and Bank One. It had no opportunity to address the issues of the anti-modification statute, bifurcation, or the facts relevant thereto. The exchange quoted by Appellants in the hearing utterly fails to refer to, let alone raise or develop, any issue regarding the anti-modification statute based on a bifurcation between the rental and residence portions of Appellants' property. The exchange addresses only Appellants' desire to reform the lien based on the disproportionate relationship between the amout of the mortgage and the property's appraised value.

Moreover, Appellants' notices of appeal filed in the Bankruptcy Court (doc. nos. 108, 109, and 116), and their specific list of issues described in their Statement of the Issues Presented on Appeal (doc. no. 110), did not list any issue regarding bifurcation or partial avoidance. The statement of four issues describes only issues relating to the name on the mortgage record, the merger question, and the disproportion between secured and appraised value.

Appellants had no reasonable basis to assert their argument in this Court for partial avoidance of their mortgage based on a bifurcation exception to the anti-modification statute as an appeal from the Bankruptcy Court's Order. It should have been obvious to Appellants that this argument was waived for failure to assert it below. In addition, Appellee almost-immediately pointed out the impropriety of the appeal yet Appellants did not timely move to

---

[7] It was not identical relief: they sought complete avoidance below and only partial avoidance here.

dismiss their appeal and continued to litigate it.[8] Sanctions are warranted in this case.

Appellants did not contest any of Appellee's calculation of the hours or rates for attorney work or their costs. The only dispute that they raised, in a supplemental response, was their belief that they already might have paid attorney fees through their mortgage payment which might have been passed on by Appellee to its attorneys. In support, they attached a copy of an April 26, 2007 "Accelleration Warning" letter from Appellee informing Appellants that they are in default on their note and that, to date, "principal, interest, escrow, late charges, and fees" of $5,994.43 are due. The "Fees balance" is separately itemized as $2,425.00. The nature of these "fees" are not further identified. Appellee did not reply to this supplemental response. Without further clarification, the April 26, 2007 letter is not evidence that Appellants already have paid attorney fees for this appeal. We expect that Appellee realizes that it cannot collect double

[8] Perhaps there is an indication that Appellants entertained early doubts about the frivolousness of their appeal. On February 26, 2007, they moved for leave to file their brief late, attaching it as an appendix to the motion, and, by separate motion, moved to supplement the record with an affidavit relating to the date the rental unit was divided (doc. no.7). The next day, Appellee opposed the late filing on the ground of timeliness, (doc. no. 9), and the day after that opposed submission of the affidavit on the ground that the record on appeal must be the same as before the Bankruptcy Judge, (doc. no. 10). Two days later, on March 2, 2007, Appellants filed a motion to voluntarily dismiss their appeal under Rule 41, "prior to the filing of an answer or motion for summary judgment by Appellee" (doc. no. 12). On March 5, 2007, Appellee opposed Appellants motion to dismiss in part because it intended to seek fees for the frivolousness of the appeal on grounds of timeliness and waiver of issues not raised below (doc. no.14). The next day, the Court granted Appellants' motion to file their brief late and the brief was docketed (doc. nos. 17 and 18). The next day, Appellee filed its first motion for fees, in part for frivolousness of appeal (doc. no. 16). Perhaps reading too much into the Court's allowance of their late filing and despite their possible doubts about the propriety of their appeal, Appellants moved the next day to withdraw their motion to dismiss (doc. no. 19), which motion was granted on the follwing day (doc. no. 23). Appellants would have been well-advised to have proceeded with their motion to dismiss and to have ceased litigating this Cause and, thus, imposing additional costs on Appellee.

attorney fees for the same work and that any duplication of payment will be accomodated on collection or in proceedings supplemental.

The Court has reviewed Appellee's calculation of fees and their supporting documentation and, on their merits and in the absence of any objection or further information from Appellants, finds them to be reasonable and warranted. Because the law of issue waiver and argument frivolousness are matters of which private litigants such as Chester and Betty Deck are not usually expected to be aware — and,even if they were so aware, and had nonetheless urged the filing of this appeal, it was their counsel's duty not to pursue obviously-frivolous appeals — the sanctions should be borne by their counsel alone.

Therefore, the Court finds that Appellants' appeal violated Fed. R. Bank. Proc. 8020, and other rules of conduct, and imposes sanctions against Appellants' counsel, Thomas Williams, in the amount of $5,270.34, representing $5.215.00 in attorney fees and $55.34 in costs, to be paid to Appellee. Appellee's motion is GRANTED.

Date: 09/28/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Todd Henry Belanger
WOOD TUOHY GLEASON MERCER & HERRIN
tbelanger@indylegal.com

Thomas E. Williams
teqw@aol.com